## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DEMETRIUS X. RICHMOND,     )
                                           )

        Plaintiff,             )

                                           )

        v.                      )      No. 4:19-cv-3151-JMB

                                           )

ST. LOUIS CITY, et al.,       )

                                           )

        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint and a certified inmate account statement filed by plaintiff Demetrius X. Richmond, a prisoner. While plaintiff did not file a separate motion for leave to proceed in forma pauperis, the Court will construe plaintiff's filing of a certified inmate account statement as his request for leave to proceed in forma pauperis in this action. The Court will grant plaintiff such leave, and will not assess an initial partial filing fee at this time. Additionally, the Court will dismiss the complaint because it is duplicative of an action that is currently pending in this Court.

### The Complaint

Plaintiff is a pretrial detainee in the St. Charles County Department of Corrections. He initiated this action on November 25, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against the City of St. Louis and its Police Department, and St. Louis City Police Officers Michael T. Minor, Archie Shaw, Derrick P. Fryre and Nijauh J. Woodard. Plaintiff states that he sues the defendants in their official capacities only. He alleges as follows.

On December 22, 2016, Officers Minor, Shaw, Fryre and Woodard surrounded plaintiff's car after he crashed on Ohio Street in St. Louis City. The officers pulled him from his car and

handcuffed him, and then repeatedly kicked and punched him in the face and tased him, all while he was handcuffed. They then took him to the hospital where doctors photographed his injuries. As a result of the officers' actions, plaintiff suffered permanent eye damage, vision loss, facial injuries, and mental stress.

Plaintiff asserts in a conclusory manner that "the St. Louis City Police Department has a history of letting its officers" assault people during arrests. He seeks $5 million for nominal damages, $2 million for compensatory damages, and $5 million for punitive damages.

## Richmond I

On November 8, 2018, plaintiff filed a complaint pro se and in forma pauperis in this Court pursuant to 42 U.S.C. § 1983 against Officers Minor, Shaw, Fryre and Woodard. *See Richmond v. Minor, et al.,* No. 4:18-cv-1905-SNLJ (E.D. Mo. Nov. 8, 2018) (hereafter "*Richmond I*"). At the time he filed that complaint, he was a pretrial detainee in the St. Charles County Department of Corrections. Plaintiff sued the officers in their individual and official capacities. There, as here, plaintiff alleged that on December 22, 2016, Officers Minor, Shaw, Fryre and Woodard surrounded his car after he crashed on Ohio Street in St. Louis City, pulled him from the car, handcuffed him, and repeatedly kicked, punched and tased him while he was handcuffed. He alleged they then took him to the hospital where doctors photographed his injuries. Plaintiff asserted in a conclusory manner that the St. Louis City Police Department has a history of letting its officers assault people during arrests. Plaintiff alleged he suffered permanent eye damage, vision loss, facial injuries, and mental stress, and he sought $5 million for nominal damages, $2 million for compensatory damages, and $5 million for punitive damages.

On August 6, 2019, the Honorable Stephen N. Limbaugh, Jr. entered a Memorandum and Order in which he determined that plaintiff failed to state an official capacity claim against any

of the defendants because he failed to plead facts permitting the inference that his constitutional rights were violated due to an unconstitutional policy or custom. Judge Limbaugh also determined that plaintiff's individual capacity claims against Officers Minor, Shaw, Fryre and Woodard survived initial review, and ordered that service of process be effected upon them. As of the date of this Memorandum and Order, that case remains pending.

### Discussion

In the complaint at bar, plaintiff names the same police officer defendants he named in *Richmond I* and asserts identical claims against them. While plaintiff now adds the City of St. Louis and its Police Department as defendants, this does not change the fact that the claims and issues plaintiff presents here are identical to those in *Richmond I*, and can all be addressed there. This action will therefore be dismissed as duplicative of that pending action. *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming 28 U.S.C. § 1915 dismissal on ground that "district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party").

Even if this action was not duplicative of *Richmond I*, it would be subject to dismissal. The St. Louis City Police Department is not an entity that can be directly sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments "are not juridical entities suable as such. They are simply departments or subdivisions of the City government."). Additionally, the complaint fails to plead facts supporting the inference that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom, or that the City of St. Louis failed to train its employees. Instead, as in *Richmond I*, the complaint focuses on a single instance of alleged excessive force committed by four police officers on December 22, 2019. Therefore, the complaint fails to state

3

an official capacity claim against any individual defendant, and fails to state a cause of action against the City of St. Louis under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this action. The Court will not assess an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of January, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE